**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMALL BUSINESS IN TRANSPORTATION COALITION,<br>    Plaintiff<br>    v.<br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,<br>    Defendants | Civil Action No. 20-883 (CKK) |

**Memorandum Opinion**
(August 14, 2020)

The Court is in receipt of Plaintiff's [31] Emergency Motion for Writ of Mandamus. Plaintiff asks the Court "to Order Defendant, Elaine Chao, the Secretary of the Department of Transportation to suspend the Hours of Service ("HOS") regulations 49 C.F.R. §395, pursuant to 49 U.S.C. § 31136 (a) (2) and (4), and order the USDOT Office of Inspector General to investigate, arrest and seek prosecution of persons interfering with interstate commerce under the Hobbs Act, 18 U.S.C. § 1951(a)." ECF No. 31, 1. Plaintiff contends that these requests are necessary because "commercial motor vehicle drivers are currently being injured, and killed and commercial motor vehicle traffic is being disrupted daily during nationwide riots and occupation of interstate highways." *Id*. at 4. Plaintiff further argues that emergency relief is necessary because the Black Lives Matter movement "has now announced publicly that it will imminently bring 25,000 protesters to Chicago on August 15, 2020 to illegally disrupt and shut down a major interstate thoroughfare." *Id*. at 5. The Court finds that such mandamus relief is not appropriate and DENIES Plaintiff's Motion.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to

plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Even if Plaintiff makes the required showing, the question of whether or not mandamus relief should be granted is left to the Court and is granted only in "extraordinary circumstances." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005). The Court finds that Plaintiff does not establish any of the required elements.

As a preliminary matter, the Court notes that it is unclear whether it has jurisdiction to hear this petition. Plaintiff's requests for mandamus are not encompassed within the operative Complaint. *See* ECF No. 1. The Court understands that these requests would likely be encompassed by Plaintiff's proposed Amended Complaint. ECF No. 28. However, Plaintiff's motion to amend its Complaint is opposed, and briefing is not yet complete on that Motion. As such, the operative Complaint does not encompass Plaintiff's requests for relief.

Even if Plaintiff's requests for relief were encompassed by the operative Complaint, Plaintiff would still not be entitled to the relief requested. Importantly, Plaintiff has failed to show that Defendants have a duty to act in the ways requested. Instead, the actions requested by Plaintiff are entirely discretionary.

First, the Secretary of Transportation's decision on whether to suspend hours of service regulations is discretionary. Pursuant to statute, ""[t]he Secretary *may* grant a waiver [to hours of service regulations]. . . if the Secretary determines that it is in the public interest to grant the

waiver and that the waiver is likely to achieve a level of safety that is equivalent to, or greater than, the level of safety that would be obtained in the absence of the waiver[.]" 49 U.S.C. § 31315(a) (emphasis added). Similarly, considering exemptions to the hours of service regulations, "the Secretary of Transportation *may* grant . . . an exemption . . . if the Secretary finds such exemption would likely achieve a level of safety that is equivalent to, or greater than, the level that would be achieved absent such exemption." *Id*. § 31315(b) (emphasis added). The use of the word "may" demonstrates that suspending the hours of service regulations is a discretionary decision to be made by the Secretary. *See Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005) (finding use of the word "may" to confer discretion). Additionally, the statute requires the Secretary to make a decision as to relative "level[s] of safety," an amorphous standard which requires the use of expertise and judgment. The Court notes that Defendants state, and Plaintiff does not dispute, that Plaintiff failed to submit a formal request for an exemption from the hours of service regulations.

Furthermore, it appears that the Secretary has used her discretion to allow suspension of the relevant hours of service regulations in the circumstances presented by Plaintiff. Under 49 C.F.R. § 395.1(b)(2), "[i]n case of any emergency, a driver may complete his/her run without being in violation of the provisions of the regulations in this part, if such run reasonably could have been completed absent the emergency." The Court acknowledges that a strict reading of the regulation may not encompass the circumstances described by Plaintiff as it is not clear that a declaration of emergency has been made by a government official.[1] However, it appears that the

---

[1] Pursuant to the regulation, "Emergency means … [an] occurrence, natural or man-made, which interrupts the delivery of essential services (such as, electricity, medical care, sewer, water, telecommunications, and telecommunication transmissions) or essential supplies (such as, food and fuel) or otherwise immediately threatens human life or public welfare, provided such …

Secretary has exercised her discretion to allow drivers to take advantage of the emergency exception even in the absence of a declaration of emergency by a government official. On July 9, 2020, the Federal Motor Carrier Safety Administration ("FMCSA") published the following reminder—"Drivers: Know you may use the emergency exception in §395.1(b) to complete a trip without violating HOS if the trip was delayed due to a civil disturbance causing reasonable fear for physical safety." *See* FMCSA (@FMCSA), Twitter (July 9, 2020, 6:56 PM), https://twitter.com/FMCSA/status/1281361733320355840. Similar guidance has been published on the FMCSA's website. Emergency Conditions Exceptions—Applicability to Civil Disturbance, https://www.fmcsa.dot.gov/emergency/emergency-conditions-exceptions-applicability-civildisturbance (last visited August 14, 2020). Not only does the allowance of this emergency exception demonstrate the Secretary's discretion over these matters, but it also provides Plaintiff with an alternative remedy.

Next, the Court addresses Plaintiff's request that the Department of Transportation's Office of Inspector General be ordered to investigate, arrest and seek prosecution of persons interfering with interstate commerce. Plaintiff cites no authority that would require the Office of Inspector General to investigate, arrest, or prosecute any persons in these circumstances. And, the decision of whether or not to prosecute is a discretionary decision left to the Executive Branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966) ("[T]he question of whether and when prosecution is to be instituted is within the

---

event results in: (1) A declaration of an emergency by … government officials having authority to declare emergencies; or (2) A request by a police officer for tow trucks to move wrecked or disabled motor vehicles." 49 CFR § 390.5T.

discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion."). Generally, courts will not grant an individual's request to mandamus a law enforcement agency, such as the Department of Transportation's Office of Inspector General, to engage in an investigation. *See Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam) ("First, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another," and "[s]econd, prosecutorial discretion may not be controlled by a writ of mandamus."); *Jafree v. Barber*, 689 F.2d 640, 642 (7th Cir. 1982) (affirming dismissal of mandamus because a court cannot force "[i]nitiation of a criminal investigation by the F.B.I.," which "is clearly a discretionary act"). Moreover, in the event that a driver is endangered due to civil protests, that driver has the alternative remedy of calling on the applicable law enforcement agency for protection in that instance.

To conclude, in its discretion, the Court finds that mandamus relief is not appropriate in these circumstances. The actions that Plaintiff asks the Court to order Defendants to take are discretionary. Additionally, Plaintiff has failed to show that there are no alternative avenues for relief. As such, the Court DENIES Plaintiff's Emergency Motion for Writ of Mandamus.

An appropriate Order accompanies this Memorandum Opinion.

                                                 /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge