**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SMALL BUSINESS IN TRANSPORTATION COALITION,<br><div align="center">Plaintiff</div><br><div align="center">v.</div><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al*.,<br><div align="center">Defendants</div> | Civil Action No. 20-883 (CKK) |

**MEMORANDUM OPINION**
(September 27, 2021)

Plaintiff Small Business in Transportation Coalition ("SBTC") brings this action against Defendants U.S. Department of Transportation ("DOT"), Pete Buttigieg in his official capacity as Secretary of Transportation ("Secretary"), the Federal Motor Carrier Safety Administration ("FMCSA"), and Meera Joshi in her official capacity as Acting Administrator of FMCSA[1] (collectively "Defendants"). SBTC alleges that Defendants violated the Administrative Procedure Act ("APA") by failing to take action on four separate exemption requests submitted by SBTC and by failing to amend Hour of Service ("HOS") regulations and to adopt other protective measures in response to disruptions caused by nationwide protests during the summer of 2020. SBTC seeks to compel agency action on outstanding exemption requests and to enjoin Defendants from future similar delays. SBTC also alleges that its exemption requests have been treated differently than requests by similarly situated groups, in deprivation of its First Amendment right to "petition" the government. Defendants moved to dismiss the SBTC's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that this Court lacks jurisdiction because

---

[1] Under Federal Rule of Civil Procedure 25(d), these defendants are automatically substituted in their official capacities.

SBTC's challenges to Defendants' action (or lack thereof) fall with the exclusive jurisdiction of the federal court of appeals conferred by the Hobbs Act, 28 U.S.C. § 2342. Defendants also argue that certain of SBTC's claims are moot and that others fail to state a claim upon which relief may be granted.

Nine months after briefing was completed on Defendants' Motion to Dismiss, SBTC recently filed its [42] Third Motion to Amend the Complaint, seeking to add an additional claim alleging that Defendants failed to act on another petition submitted by SBTC in late 2020 and early 2021. As detailed below, SBTC also proposes to remove certain claims related to exemption requests upon which Defendants have acted since SBTC initiated this lawsuit. Defendants oppose SBTC's request to amend the Complaint, except to the extent SBTC agrees to dismiss certain claims.

Upon consideration of Defendants' [38] Motion to Dismiss the Second Amended Complaint, SBTC's [42] Third Motion to Amend Complaint, the associated pleadings,[2] the relevant legal authority, and the record as a whole, the Court **GRANTS-IN-PART** and **HOLDS-IN-ABEYANCE-IN PART** Defendant's Motion to Dismiss. Specifically, the Court **DISMISSES** Counts 1, 2, 3, 4, and 5 of the Second Amended Complaint for lack of subject matter

---

[2] The Court's consideration has focused on the following:
- Memorandum of Points & Authorities in Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Defs' (2d) Mot. to Dismiss"), ECF No. 38;
- SBTC's Memorandum of Points & Authorities in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint ("Pl.'s Opp'n to Defs.' (2d) Mot. to Dismiss"), ECF No. 39;
- Reply in Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Defs.' (2d) Mot. Reply"), ECF No. 40;
- Petition for Reconsideration of Order Directing No More Amendments to Complaint and Motion for Leave to File Second Amended Complaint ("Pl.'s (3d) Mot. to Amend"), ECF No. 42;
- Defendants' Opposition to Plaintiff's Petition for Reconsideration of Order Directing No More Amendments to Complaint and Partial Opposition to Plaintiff's motion for Leave to File a Third Amended Complaint ("Defs.' Opp'n to Pl.'s (3d) Mot. to Amend"), ECF No. 43; and
- Pl.'s Reply to Defendants' Opposition to Plaintiff's Petition for Reconsideration and Motion to Amend ("Pl.'s (3d) Mot. to Amend Reply"), ECF No. 44.

jurisdiction. The Court also **DISMISSES** Count 6 of the Second Amended Complaint for failure to state a claim upon which relief may be granted to the extent SBTC seeks to state a claim under 42 U.S.C. § 1983. However, the Court shall **HOLD-IN-ABEYANCE** Count 6 of the Second Amended Complaint, to the extent SBTC seeks to state a claim under § 702 of the APA, and shall require the parties to respond to this Memorandum Opinion, addressing the issues raised by the Court in its discussion, *infra* Section II(A)(4). The Court shall also **DENY** Plaintiff's Third Motion to Amend.

## I.    BACKGROUND

Plaintiff SBTC is a 501(c)(6) industry trade group representing "interstate truckers and motor carriers, among other small players in the transportation industry" Second Am. Compl. ("SAC") ¶ 5, ECF No. 37.[3] In general terms, SBTC claims that Defendants have delayed or withheld decisions on its applications for exemptions from certain FMCSA regulations, to which SBTC's members are subject. Given the extensive procedural background of this case and SBTC's recent request to introduce a new claim into this litigation, the Court shall first summarize the procedural posture of the case, and then shall provide the relevant statutory and regulatory background and the facts underlying each of SBTC's pending and proposed supplemental claims.

**A. Procedural Background**

SBTC filed its Original Complaint and Request for a Temporary Restraining Order on April 1, 2020. *See* Orig. Compl., ECF No. 1. In its Original Complaint, SBTC sought declaratory

---

[3] The Second Amended Complaint is the operative complaint in this case, filed at ECF No. 37 on the public docket, in the same PDF file as Plaintiff's Motion for Leave to File Second Amended Complaint (which was SBTC's second motion to amend the Original Complaint). In Plaintiff's Third Motion to Amend, Plaintiff disputes that the operative complaint is correctly deemed the "Seconded Amended Complaint," because the Court never granted its First Motion to Amend. *See* Pl.'s (3d) Mot. to Amend at 1 n.2. Because SBTC itself entitled the operative complaint the "Second Amended Complaint" and pleadings and Court orders have referred to it as such, the Court shall continue to identify the operative complaint in this matter as the "Second Amended Complaint," referring to the complaint filed at ECF No. 37.

and injunctive relief with respect to Defendants' alleged failure to act on three requests for exemptions from FMCSA regulations submitted by SBTC on behalf of its members.  Orig. Compl. ¶¶ 40–69.  SBTC also alleged that Defendants engaged in "purposeful discrimination" against its members, depriving SBTC of its "opportunity to petition FMCA on issues and regulations" affecting its members.  Orig. Compl. ¶¶ 71–75.

Soon thereafter, on April 27, 2020, SBTC filed its first Motion for a Preliminary Injunction, seeking to compel Defendants to grant or deny one of the exemption requests at issue in the Original Complaint.  *See* Pl.'s (1st) Mot. for Prelim. Inj., ECF No. 10.  In Defendants' Opposition to SBTC's first motion for a preliminary injunction, Defendants indicated that they had taken the actions requested in Plaintiff's motion, rendering the request for a preliminary injunction moot.  Defs.' Opp'n to Pl.'s (1st) Mot. for Prelim. Inj. at 20–21, ECF No. 15.  The Court, therefore, denied Plaintiff's First Motion for a Preliminary Injunction as moot.  *See* Order, ECF No. 18.

On the same day they filed an opposition to SBTC's first motion for a preliminary injunction, Defendants filed a Motion to Dismiss the Original Complaint. *See* Defs.' (1st) Mot. to Dismiss, ECF No. 16.  That motion was ripe as of June 1, 2020.  *See* Pl.'s Opp'n to Defs.' (1st) Mot. to Dismiss, ECF No. 19; Defs.' (1st) Mot. to Dismiss Reply, ECF No. 20

On June 26, 2020, SBTC filed a second motion for a preliminary injunction, seeking to compel "limited depositions" of FMCSA officials.  *See* Pl.'s (2d) Mot. for Prelim. Inj., ECF No. 24.  The Court denied the motion on June 29, 2020.  *See* Order, ECF No. 25.  On the same day, SBTC filed a [26] Motion for Discovery, seeking virtually the same relief as its Second Motion for a Preliminary Injunction—to compel depositions of certain FMCSA personnel pending the Court's decision on Defendants' Motion to Dismiss the Original Complaint.  The Court, again, denied SBTC's request.  *See* Order, ECF No. 41.

SBTC next filed its [28] First Motion for Leave to File an Amended Complaint on July 28, 2020.  *See* Pl.'s (1st) Mot. to Amend, ECF No. 28.  In that motion, SBTC sought to supplement its Complaint by adding a claim that Defendants violated 49 U.S.C. § 31136(a)(2) by failing to suspend or amend "Hours of Service" regulations in the wake of nationwide protests during the summer of 2020.  *Id.* at 2–3.  Defendants opposed SBTC's first motion to amend.  *See* Defs.' Opp'n to Pl.'s (1st) Mot. to Amend, ECF No. 32.

Before the Court ruled on SBTC's fully-briefed First Motion to Amend the Complaint, SBTC filed a [37] Motion for Leave to File a Second Amended Complaint, seeking to add an additional claim that Defendants had failed to act on a fourth exemption request submitted by SBTC.  *See* Pl.'s (2d) Mot. to Amend at 2–3, ECF No. 37.  In a Minute Order dated September 24, 2020, the Court granted Plaintiff's later-filed Motion for Leave to File a Second Amended Complaint, but directed that, "this Second Amended Complaint shall be *the final operative Complaint*" and that the Court "shall not freely grant any further amendments to the Complaint at this point in the litigation."  Minute Order (Sept. 24, 2020) (emphasis added).  As a result of the Court's Minute Order, the document entitled the "Second Amended Complaint," became the operative complaint in this action.

Defendants filed their now-pending [38] Motion to Dismiss the Second Amended Complaint on October 8, 2020.  SBTC filed its response to Defendant's Motion to Dismiss the Second Amended Complaint on November 6, 2020, and Defendants filed their reply on November 20, 2020.

Nine months later, on August 20, 2021, SBTC filed a [42] Petition for Reconsideration of Order Directing No More Amendments to Complaint and Motion for Leave to File an Amended Complaint ("Pl.'s (3d) Mot. to Amend").  SBTC seeks to supplement the Second Amended

Complaint by adding a new claim, which is discussed *infra* Section I(C)(1)(e).  SBTC also seeks to remove certain claims from the Second Amended Complaint; the Court shall address in its discussion *infra* Section I(C)(1) the claims SBTC agrees should be dismissed.

Despite its earlier order indicating that "the Second Amended Complaint would be the final operative complaint in this action" and that it would "not freely grant any further amendments," Minute Order (Sept. 24, 2020), the Court ordered Defendants to respond to Plaintiff's motion to amend, "focusing on Plaintiff's proposal to add a new claim."  Minute Order (Aug. 25, 2021). Defendants filed their response to SBTC's Third Motion to Amend on September 3, 2021, indicating that they did not oppose SBTC's request to voluntarily dismiss certain claims—though they disagreed that filing an amended complaint was necessary to do so.  *See* Defs.' Opp'n to Pl.'s (3d) Mot. to Amend at 3.  Defendants, however, oppose SBTC's request to supplement its Second Amended Complaint by adding a new claim.  *Id.* at 3–6.

**B. Statutory and Regulatory Background**

In its Second Amended Complaint, SBTC alleges that Defendants delayed or failed to act on applications for exemptions to FMCSA regulations pertaining to hours of service and electronic logging devices requirements for commercial motor vehicle drivers, and bond requirements for transportation brokers.  Accordingly, a brief discussion of the applicable statutory and regulatory framework related to the exemption requests is useful to understanding SBTC's claims.

**1. Hours of Service ("HOS") and Electronic Logging Device ("ELDs") Regulations and Exemptions**

"The federal government has regulated the hours of service (HOS) of commercial motor vehicle operators since the late 1930s, when the Interstate Commerce Commission (ICC) promulgated the first HOS regulations under the authority of the Motor Carrier Act of 1935." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Fed. Motor Carrier Safety Admin.*, 494 F.3d 188,

193 (D.C. Cir. 2007).  Pursuant to the Motor Carrier Act of 1935, the Secretary of Transportation "may prescribe requirements" for "maximum hours of service of employees" of a motor carrier. 49 U.S.C. § 31502(b)(1).

In addition to the 1935 Act, the Motor Carrier Safety Act of 1984, as amended, directs the Secretary of Transportation to "prescribe regulations on commercial motor vehicle safety."  49 U.S.C. § 31136(a).  These regulations prescribe "minimum safety standards" for commercial motor vehicles." § 31136(a).  Among other considerations, these regulations must ensure that "the responsibilities imposed on operators of commercial motor vehicles do not impair their ability to operate the vehicles safely," that the "physical condition of operators of commercial motor vehicles is adequate to enable them to operate the vehicles safely" and that the "operation of a commercial motor vehicles does not have a deleterious effect on the physical condition of the operators." § 31136(a)(2)–(4).

FMCSA is the agency charged with promulgating regulations regarding maximum hours of service and minimum safety standards for commercial motor vehicles.  Among these regulations, FMCSA promulgates "Hours of Service" ("HOS") rules, which restrict the number of hours that commercial drivers can drive.  *See* 49 C.F.R. § 395; *Owner-Operator*, 494 F.3d at 193. FMCSA's regulations also require that commercial motor vehicles involved in interstate commerce and operated by a driver subject to HOS requirements are equipped with electronic logging devices ("ELDs") to ensure compliance with HOS rules.  *See* 49 C.F.R. §§ 395.22–395.38.

Under § 31136(e), FMCSA may grant "in accordance with section 31315 waivers and exemptions from . . . regulations prescribed under this section." § 31136(e).  Section 31315, in turn, provides the framework for FMCSA to consider an exemption request.  As pertinent to SBTC's claims here, FMCSA "may grant" an "exemption from a regulation prescribed under this

chapter [Chapter 313, "Commercial Vehicle Operators"] or section 31136 if [it] finds such exemption would likely achieve a level of safety that is equivalent to, or greater than, the level that would be achieved absent such exemption." § 31315(b)(1).  The statute specifies the procedures the agency must follow upon receipt of an exemption request:

> (A) Upon receipt of a request. —
>
> > Upon receipt of an exemption request, the Secretary shall publish in the Federal Register . . . a notice explaining the request that has been filed and shall give the public an opportunity to inspect the safety analysis and any other relevant information known to the Secretary and to comment on the request. This subparagraph does not require the release of information protected by law from public disclosure.

§ 31315(b)(6)(A).  And it further directs: "The Secretary shall grant or deny an exemption request after a thorough review of its safety implications, but in no case later than 180 days after the filing date of such request." § 31315(b)(7).

If FMCSA grants the exemption request, then, before the effective date of the exemption, it "shall publish" in the Federal Register "the name of the person granted the exemption, the provisions from which the person is exempt, the effective period, and the terms and conditions of the exemption." § 31315(b)(6)(B).  If the agency denies an exemption request, then it "shall publish" in the Federal Register the name of the person denied the exemption and the reasons for such denial. § 31315(b)(6)(C).

### 2.   Transportation Broker Bond Requirement and Exemptions

In addition to the requirements discussed above, all "brokers and freight forwarders" subject to FMCSA's jurisdiction are required to maintain $75,000 in financial security, in the form of a surety bond or trust fund. *See* 49 U.S.C. § 13906(b)(3), (c)(4); 49 C.F.R. § 387.307(a); 49 C.F.R. § 387.403T(c).  As with HOS regulations, those subject to this "Broker Bond Requirement" can request an exemption.  However, unlike HOS regulations, exemptions from the Broker Bond

Requirement fall under 49 U.S.C. § 13541(a).[4]  Under  § 13541(a), the Secretary "shall exempt a person" from "the application, in whole or in part, of a provision of this part" when the Secretary finds "that the application of that provision – (1) is not necessary to carry out the transportation policy of section 13101; (2) is not needed to protect shippers from the abuse of market power or that the transaction or service is of limited scope; and (3) is in the public interest."  § 13541(a). The Secretary may "begin a proceeding under this section" on his own "initiative or on application of an interested party," and the Secretary "may specify the period of time during which an exemption granted under this section is effective."  § 13541(b), (c).

Unlike the process for exemption requests to HOS and ELD regulations under § 31315(b), § 13541 contains no requirement that the Secretary must grant or deny an exemption request for the Broker Bond Requirement within a specified time period, nor does it require that the decision be published in the Federal Register by a specified deadline.  *See* § 13541.

## C. Facts Underlying Plaintiffs' Claims in the Second Amended Complaint and Proposed Supplemental Claim

Counts 1, 2, 4, and 5 of the Second Amended Complaint assert various claims under the Administrative Procedure Act ("APA") against Defendants, stemming from their alleged failure to act on four petitions for exemptions from FMCSA regulations submitted by SBTC.  In its Third Motion to Amend, SBTC seeks to add a fifth claim—not pertaining to an exemption request, but instead alleging that Defendants have failed respond to a "petition" seeking a motor vehicle safety standard within a separate statutory time period.  *See* Pl.'s (3d) Mot. to Amend at 3.  The Court shall address below the facts pertaining to each of the four exemption requests and the proposed

---

[4] Section 13541(a) applies to "any matter subject to jurisdiction under this part."  49 U.S.C. § 13541(a). This "part" refers to Part B of Subtitle IV of U.S. Code Title 49, which includes §§ 13101–14916.  The exemption provision with respect to HOS and associated ELD requirements, in contrast, applies only to regulations "issued under this chapter or section 31136." § 31315(b). This "chapter" in § 31315(b) refers to Chapter 313 of Subtitle VI, Part B, which includes §§ 31301–31317.

fifth claim.  But first, the Court shall summarize the causes of actions with respect to each count of SBTC's Second Amended Complaint.

With respect to each exemption application described below, SBTC asserts claims under the APA based on Defendants' "failure to adhere to procedures required by law" (Counts 1 and 2, SAC ¶¶ 47–66), its "arbitrary and capricious" treatment of exemption applications filed by SBTC (Count 4, SAC ¶¶ 76–89), and its unreasonable withholding or delay in acting on SBTC's exemptions requests (Count 5, SAC ¶¶ 90–97).  Generally speaking, SBTC contends that Defendant failed to adhere to the statutory deadlines detailed *supra* Section I(B), by failing to publish or by delaying publication of the exemption request in the Federal Register and/or by failing to render a final decision on the exemption request.

SBTC also asserts a claim under the APA based on Defendants' alleged failure to "amend [HOS] regulations" to account for traffic disruptions during protests in the summer of 2020 and for failing to "protect commercial motor vehicle drivers" from allegedly being "physically attacked, beaten, and often killed" by protesters (Count 3, SAC ¶¶ 67–75).

Finally, in Count 6, SBTC claims that Defendants have "discriminated" against SBTC and its members and deprived them of the "the same opportunity to petition the FMCSA on issues and regulations that affect them as members of other similarly situated trucking associations," in violation of the First Amendment (Count 6, SAC ¶¶ 98–104).

### 1.  SBTC's Claims Related to Requests Submitted to Defendants

#### a)  ELD Exemption Application

On December 16, 2015, FMCSA published its Electronic Logging Devices and Hours of Service Supporting Documents, 80 Fed. Reg. 78,292 (Dec. 16, 2015) ("ELD Rule").  In summary terms, the ELD Rule establishes "[m]inimum performance and design standards" for electronic logging devices, as well as "requirements for the mandatory use of these devices by drivers

currently required to prepare HOS records of duty status," and "requirements concerning HOS supporting documents." *Id.* FMCSA noted that these revised requirements for ELDs "will improve compliance with the HOS rules." *Id.* FMCSA required carriers subject to the ELD Rule to comply by December 18, 2017. *Id.* at 78,295.

In February 2018, SBTC filed an application for an exemption from ELD requirements, seeking relief from the ELD regulations for small private, common and contract motor carriers with fewer than 50 employees. *See* Am. Compl. ¶ 11, *SBTC v. Dep't of Transp. et. al.*, Civ. A No. 1311 (JEB) (D.D.C.). On June 5, 2018, Defendants published notice of this exemption request in the Federal Register. *See* Hours of Service of Drivers: Application for Exemption; SBTC, 85 Fed. Reg. 20,563 (June 5, 2018). On July 17, 2019, FMCSA published notice of its decision to deny Plaintiff's exemption request. *See* Hours of Service of Drivers: Application for Exemption; SBTC, 84 Fed. Reg. 34,250 (July 7, 2019).

On August 9, 2019, Plaintiff requested that FMCSA reconsider its denial of Plaintiff's request for an exemption. *See* SAC ¶ 12; SAC Ex. A. SBTC's request for reconsideration is at issue in this case and shall be referred to as SBTC's "ELD Exemption Application." *Id.* On October 29, 2019, the FMCSA posted a Notice in the Federal Register requesting public comments on SBTC's ELD Exemption Application. SAC ¶ 15; Hours of Service of Drivers: Application for Exemption; SBTC, 84 Fed. Reg. 57,932 (Oct. 29, 2019).

On April 13, 2020—after SBTC filed its Original Complaint on April 1, 2020—FMCSA published in the Federal Register its decision to deny Plaintiff's ELD Exemption Application. *See* Hours of Service of Drivers: Application for Exemption; SBTC, 85 Fed. Reg. 20,562 (Apr. 13, 2020). FMCSA stated that it had "analyzed SBTC's petition for reconsideration and the public

comments received and ha[d] determined that neither the applicant nor the commenters provided information that would change the Agency's previous decision to deny the exemption." *Id.*

SBTC alleges that FMCSA's failure to publish notice of its ELD Exemption Application "upon receipt" and failure to render a decision within 180 days violated 49 U.S.C. § 31315(b)(6)(A), (7). SAC ¶¶ 51, 52. SBTC claims that this failure is actionable under § 706(1) of the APA, which authorizes a district court to "compel agency action unlawfully withheld or unreasonably delayed." SAC ¶¶ 50, 93. SBTC also claims that Defendants' failure to comply with the statutory deadline was "arbitrary, capricious" and "in excess of statutory . . . authority," actionable under § 706(2) of the APA. SAC ¶¶ 78, 80, 82, 84. SBTC seeks an order requiring FMCSA to "immediately grant or deny the SBTC's ELD Exemption Application request and publish that decision in the Federal Register[.]" SAC ¶¶ 57, 87, 96. SBTC also seeks a declaratory judgment that Defendants' failure to render a decision on the ELD Exemption Application within the statutory time period violated the APA and 49 U.S.C. §§ 31315(b)(7). SAC at 20 ¶ (a).

### b) Midland HOS Exemption Application

In 2018, the city of Midland, Texas enacted an ordinance that prohibited commercial vehicles from parking on public streets and private areas citywide. SAC ¶ 25. On February 12, 2019, SBTC filed an application with FMCSA for a "class exemption" from the HOS regulations on behalf of SBTC members and all other truck and bus drivers who operate in interstate transportation and pass through the city of Midland, Texas ("Midland HOS Exemption Application"). SAC ¶ 28. SBTC sought an exemption from the HOS regulations for drivers who were required to pass through Midland on the basis that the city's ordinance prevented affected commercial motor vehicle operators from complying with HOS requirements. SAC ¶ 26.

On March 15, 2019, FMCSA acknowledged receipt of the Midland HOS Exemption Application, but notified SBTC that its petition had not provided certain required information. *See*

Defs.' (2d) Mot. to Dismiss, Ex. 2, ECF No. 38-2.  SBTC claims that its Midland HOS Exemption Application "was in full compliance with the Federal regulations relating to the process and procedure for filing an exemption request with the FMCSA."  SAC ¶ 29.

SBTC alleges that FMCSA's failure to publish its Midland HOS Exemption Application in the Federal Register "upon receipt" and its failure to grant or deny the application within 180 days violated 49 U.S.C. § 31315(b)(6)(A) and (b)(7).  SAC ¶¶ 54–55.  SBTC claims that this failure is actionable under § 706(1) of the APA, which authorizes a district court to "compel agency action unlawfully withheld or unreasonably delayed."  SAC ¶¶ 50, 54, 55, 97.  SBTC also claims that Defendants' failure to publish the application in the Federal Register and failure to render a decision on the exemption request within 180 days were "arbitrary, capricious" and "in excess of statutory . . . authority," actionable under § 706(2) of the APA.  SAC ¶¶ 78, 80, 82, 84.  SBTC seeks an order requiring FMCSA to "immediately publish the SBTC's [Midland HOS Exemption Application]," to "commence a notice comment period in the Federal Register," and to render a decision within 180 days."  SAC ¶¶ 59, 88, 97; *id.* at 21 ¶ (h).  SBTC also seeks declaratory relief that Defendants' failure to publish the HOS Midland Exemption Application "upon receipt" violated 49 U.S.C. § 31315(b)(6)(A).  SAC at 20 ¶ (d).

In its pending Third Motion to Amend its Complaint, SBTC indicates that it "withdrew" its Midland HOS Exemption Application because Plaintiff's membership is "no longer interested in pursuing this issue."  Pl.'s (3d) Mot. to Amend at 6.

### c) Domestic Animals HOS Exemption Application

On March 2, 2020, SBTC filed a Class HOS Exemption Application for Drivers Traveling in Interstate Commerce with Domestic Animals ("Domestic Animals HOS Exemption Application")."  SAC ¶ 44.  In this application, SBTC requested a five-year exemption from the ELD and the HOS requirements for a class of "operators of commercial motor vehicles operating

in interstate commerce who operate such vehicles whenever accompanied by any domestic animal[.]"  SAC Ex. C at 4.

On March 11, 2020, FMCSA published notice of the Domestic Animals HOS Exemption Application in the Federal Register, seeking public comments.  *See* Hours of Service (HOS) of Drivers: SBTC Application for Exemption from ELD and Certain HOS Requirements, 85 Fed. Reg. 14,289 (Mar. 11, 2020).  On October 16, 2020, FMCSA published in the Federal Register its denial of SBTC's  Domestic Animals HOS Exemption Application.  *See* Hours of Service (HOS) of Drivers: SBTC Application for Exemption from ELD and Certain HOS Requirements, 85 Fed. Reg. 65,896 (Oct. 16, 2020).

In its Second Amended Complaint, SBTC claims that FMCSA violated 49 U.S.C. § 31315(b)(7) by failing to render a decision on its Domestic Animals HOS Exemption Application within 180 days.  SAC ¶ 64.  SBTC claims that this failure is actionable under § 706(1) of the APA, which authorizes a district court to "compel agency action unlawfully withheld or unreasonably delayed."  SAC ¶¶ 62, 93.  SBTC also claims that Defendants' failure to render and publish a decision on the Domestic Animals HOS Exemption Application was "arbitrary, capricious" and "in excess of statutory . . . authority," actionable under § 706(2) of the APA.  SAC ¶¶ 78, 80, 82, 84.  SBTC seeks an order requiring FMCSA to "immediately grant or deny the SBTC's [Domestic Animals HOS Exemption Application] and publish that decision in the Federal Register[.]"   SAC ¶¶ 66, 96; *id.* at 21 ¶ (i).  SBTC also seeks a declaratory judgment that Defendants' failure to render a decision on the Domestic Animals HOS Exemption Application violated the APA and 49 U.S.C. §§ 31315(b)(7).  SAC at 20 ¶ (b).

In its pending Third Motion to Amend its Complaint, SBTC indicates that it would remove claims pertaining to this exemption request, conceding that "relief is no longer needed" with

respect to this request because "Defendants rendered a decision" and "published said decision in the Federal Register."  Pl.'s Mot. to Amend at 6.

### d)  Broker Bond Exemption Application

In addition to the HOS and ELD exemption requests previously discussed, SBTC submitted an exemption request related to broker bond requirement established by 49 U.S.C. § 13906(c) (the "Broker Bond Exemption Application").  On September 10, 2019, the SBTC filed a resubmission of Transportation Intermediary Bond Exemption Application.   SAC ¶ 13.   Plaintiff sought reconsideration of an application for an exemption from the $75,000 bond requirement for all property brokers and freight forwarders that had previously been denied.  *See* Registration and Financial Security Requirements for Brokers of Property and Freight Forwarders; SBTC Exemption Application, 85 Fed. Reg. 20,334 (Apr. 10, 2020).

On April 10, 2020, FMCSA published in the Federal Register notice of Plaintiff's Broker Bond Exemption Application and a request for public comments.  *See id.*  FMCSA indicates that, due to an administrative drafting error, it initially published the Broker Bond Exemption Application with an inaccurate docket number.   Defs.' (2d) Mot. to Dismiss at 8.   FMCSA subsequently republished the Broker Bond Exemption Application in the Federal Register on May 4, 2020, with a new docket number and agreed to extend the public comment period by 30 days. *Id.*; *see* Registration and Financial Security Requirements for Brokers of Property and Freight Forwarders; SBTC Exemption Application, 85 Fed. Reg. 26,516 (May 4, 2020).

The Second Amended Complaint alleges that FMCSA failed to publish a notice seeking comments on SBTC's Broker Bond Exemption Application and failed to issue a final decision in the Federal Register within 180 days, in violation of 49 U.S.C. § 31315(b)(7).  SAC ¶¶ 17, 21, 52. SBTC also claims that Defendants' failure to "acknowledge" its Broker Bond Exemption Application was "arbitrary and capricious," and that Defendants "unreasonably delayed" action on

this application.  SAC ¶¶ 80, 84.  SBTC seeks an order requiring FMCSA to "immediately publish the SBTC's [Broker Bond Exemption Application] and commence a notice and comment period in the Federal Register[.]"  SAC ¶¶ 58, 88.  SBTC also requests a declaratory judgment that Defendants' failure to publish the Broker Bond Exemption Application "upon receipt" violated the APA and 49 U.S.C. § 31315(b)(6)(A).  SAC at 20 ¶ (c).

### e)   Petition for Motor Vehicle Safety Standards

In its Third Motion to Amend, Plaintiff seeks to supplement the Second Amended Complaint by adding a claim, alleging that Defendants failed to act on its "Petition for Motor Vehicle Safety Standards and Enforcement" within 120 days.  *See* Pl.'s (3d) Mot. to Amend at 4. This proposed supplemental claim does *not* involve an exemption request.  Rather, SBTC alleges that it petitioned the Secretary for "Motor Vehicle Safety Standards and Enforcement" pursuant to 49 U.S.C. § 30162 twice—first on December 13, 20219 and again on March 8, 2021.  Pl.'s (3d) Mot to Amend at 4.  Section 30162 permits "any authorized person" to "file a petition with the Secretary of Transportation," requesting the Secretary begin a proceeding to "prescribe a motor vehicle safety standard." § 30162(a)(1).  The Secretary "shall grant or deny a petition not later than 120 days after the petition is filed. If a petition is granted, the Secretary shall begin the proceeding promptly.  If a petition is denied, the Secretary shall publish the reasons for the denial in the Federal Register." § 30162(d).  Plaintiff claims that its Petition for Motor Vehicle Safety Standards "was required to be processed within 120 days by either commencing a proceeding or publishing a denial in the Federal Register, but that Plaintiffs have failed to render a decision.  *See* Pl.'s (3d) Mot. to Amend at 4; Pl.'s Proposed Am. Compl.[5] ¶¶ 22–26, 31.

---

[5] "Proposed Amended Complaint" refers to the version of the Complaint contained in the same PDF file as SBTC's Third Motion to Amend, ECF No. 42.

### 2.  SBTC's Claim Regarding Failure to Amend 49 U.S.C. § 31136 in Response to Nationwide Protests

In addition to claims regarding the specific exemption requests identified above, the Second Amended Complaint also alleges that Defendants failed to amend HOS regulations to account for disruptions to the flow of motor vehicle traffic caused by protests during the summer of 2020.  SAC ¶¶ 35–37.  SBTC contends that the traffic disruptions caused by these protests caused many commercial drivers "to violate existing HOS regulations" as they were delayed or forced to find alternate routes.  SAC ¶ 38.  Defendants do not dispute that they did not make any specific regulations in response to the protests.  *See* Defs.' Mot. to Dismiss at 20.  SBTC seeks an order compelling Defendants to "amend the Hours of Service regulations to account for the disruptions to the flow of commercial motor vehicle traffic caused by protests around the country[.]"  SAC at 21 ¶ (f).

SBTC also claims that truck drivers were "purposefully and intentionally physically attacked and often killed" by protesters when they operated their vehicles near the protest sites. SAC ¶ 38.  With respect to this claim, SBTC seeks a court order requiring Defendants to "take action to allow drivers to carry legally registered firearms to protect themselves and their cargo from physical attacks[.]"  SAC ¶ at 21 (g).

In its Third Motion to Amend, SBTC indicates that "relief is no longer needed" as to these claims because they arose from "a temporary social unrest situation that no longer exists."  Pl.'s (3d) Mot. to Amend at 5.

### 3.  "Purposeful Discrimination" and First Amendment Violations

In the final count of its Second Amended Complaint, SBTC alleges that Defendants have violated its First Amendment rights because its members "are not given the same opportunity to petition the FMCSA on issues and regulations that affect them as members of other similarly

situated trucking institutions." SAC ¶ 104. SBTC, therefore, claims that it is entitled to relief under 42 U.S.C. § 1983, and seeks an order "[e]njoin[ing] the Defendant from discriminating against SBTC and its members, and order[ing] Defendants to give SBTC and its member the same level of access to petition the FMCSA on issues and regulations that affect them[.]" SAC ¶¶ 98–104, *id.* at 22 ¶(*l*).

Although SBTC entitles Count 6 of the Second Amended Complaint "Purposeful Discrimination . . . in violation of 42 U.S.C. § 1983," it also appears to rely on APA § 702 as a cause of action for the alleged First Amendment violations. *See* SAC ¶ 101.

## II.    DISCUSSION

The parties' briefing on Defendant's Motion to Dismiss focuses, in large part, on whether SBTC's claims fall within the scope of the Hobbs Act, 28 U.S.C. § 2342, which grants exclusive jurisdiction to the courts of appeals over claims arising from certain "final actions" of the Department of Transportation. *See* Defs.' (2d) Mot. to Dismiss at 17–25; Pl.'s Opp'n to Defs.' (2d) Mot. to Dismiss at 7–13. The Court, however, finds that other jurisdictional issues prevent SBTC's claims related to exemption requests and Defendants' alleged failure to amend regulations in response to protests from proceeding, and so shall dismiss those claims. In light of the changed posture of the case since briefing on the pending motion to dismiss was completed, the Court shall hold in abeyance a decision on Count 6 of the Second Amended Complaint, to the extent SBTC seeks relief under the APA, but shall dismiss that claim to the extent it relies on 42 U.S.C. § 1983. Finally, the Court shall deny SBTC's latest motion to amend the complaint.

**A. Defendants' Motion to Dismiss the Second Amended Complaint**

    **1. Legal Standards**

        **a) Federal Rule of Civil Procedure 12(b)(1)**

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction.  In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citation omitted).  In deciding whether to grant a motion to dismiss for lack of jurisdiction, the Court "may consider materials outside the pleadings." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged.  *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider undisputed facts evidenced in the record." (internal citations and quotation marks omitted).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Envt'l Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).  "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to

dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).  A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

### b)  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  The factual allegations within a complaint, if accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 314–15 (D.C. Cir. 2014).

### 2.  SBTC'S ELD Exemption Application, Domestic Animals HOS Exemption Application, and Broker Bond Exemption Application Claims Are Moot

The Court shall dismiss as moot SBTC's claims for injunctive and declaratory relief regarding the ELD Exemption Application, the Domestic Animals HOS Exemption Application, and the Broker Bond Exemption Application because Defendants have already taken the

statutorily-required actions with respect to these exemption applications, and therefore there is no further relief that the Court can grant.  Accordingly, the Court must dismiss these claims for lack of jurisdiction.  Fed. R. Civ. P. 12(h)(3).

The jurisdiction of federal courts is limited by Article III of the Constitution to the adjudication of actual, ongoing cases or controversies.  This limitation "gives rise to the doctrines of standing and mootness." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003); *Sierra Club v. Jackson*, 648 F.3d 848, 852 (D.C. Cir. 2011).  Pursuant to the mootness doctrine, it "the suit must remain alive throughout the course of litigation . . . If events outrun the controversy such that the court can grant no meaningful relief; the case must be dismissed as moot." *People for the Ethical Treatment of Animals, Inc. v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 95 (D.D.C. 2014) (internal quotation marks and citations omitted). "A case is moot when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated in circumstances where it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (internal quotation marks omitted).

With respect to the ELD Exemption Application and Domestic Animals HOS Exemption Application, SBTC seeks an order compelling FMCSA to publish notice of the requests in the Federal Register and issue a final decision on them.  *See* SAC ¶¶ 57, 66, 87, 89, *id.* at 21 ¶ (i). FMCSA has taken both actions with respect to both exemption requests, so this relief is no longer available to SBTC; SBTC's requests for injunctive relief with respect to these to exemption requests are moot.  *See Ctr. for Biological Diversity v. Kempthorne*, 498 F. Supp. 2d 293, 296 (D.D.C. 2007) (concluding that agency's "final decision" on petition rendered plaintiff's request for order to issue decision on the petition moot).

With respect to the Broker Bond Exemption Application, Plaintiff seeks an order compelling Defendants to "immediately publish" notice of its Broker Bond Exemption Application and "commence a notice and comment period." SAC ¶¶ 58, 88. But FMCSA has already twice published notice of the Broker Bond Exemption Application in the Federal Register, so there is also no further injunctive relief that the Court can grant with respect to this claim. *See* Defs.' (2d) Mot. to Dismiss at 8.

SBTC's claims for declaratory relief with respect to these applications are also moot. To grant declaratory relief, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of [a] present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242 (1937). Here, SBTC seek a declaratory judgment that Defendants violated the APA and § 31315(b)(7) by failing to publish a decision to grant or deny the ELD Exemption Application and Domestic Animals HOS Exemption Application within the time period specified in § 31315(b)(7). *See* SAC at 20 ¶¶ (a), (b). SBTC also seeks an order declaring that Defendants failed to publish the Broker Bond Exemption Application "upon receipt."[6] *See* SAC at 20 ¶ (c). But because Defendants have since issued decisions on the ELD Exemption Application and Domestic Animals HOS Exemption Application, and published notice of the Broker Bond Exemption Application, the Court "can do nothing to affect [Plaintiffs'] rights relative to [them], thus making this case classically moot for lack of a live controversy." *Akiachak Native Cmty. v. Dep't of Interior*, 827 F.3d 100, 106 (D.C.

---

[6] In addition, SBTC points to no statutory authority requiring request for exemptions to Broker Bond requirements to be published "upon receipt." As discussed *supra* Section I(B)(2), exemption requests related to broker bond requirements are analyzed under § 13541—*not* § 31315, as SBTC contends. Section § 13541 does not contain the same timing requirements as § 31315, within which the Secretary must publish an exemption request and issue a decision on it.

Cir. 2016).  Because the agency has already taken the action Plaintiffs seek, there is no meaningful

relief that the Court could grant SBTC at this time in relation to these exemption applications.

SBTC, however, invokes the "the capable of repetition yet evading review" exception to

the mootness doctrine, *see* Pl.'s Opp'n to Defs.' (2d) Mot. to Dismiss at 6–7, pursuant to which a

plaintiff may avoid dismissal on mootness grounds by demonstrating that "(1) the challenged

action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2)

there is a reasonable expectation that the same complaining party would be subjected to the same

action again."  *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir.

2009) (internal quotation marks and alterations omitted).  SBTC contends that Defendants' "failure

to respond to SBTC's petitions in a timely manner on "every petition" SBTC has filed" is "likely

to be repeated."  Pl.'s Opp'n to Defs.' (2d) Mot. to Dismiss at 6.

To satisfy this exception to mootness, a plaintiff must demonstrate that "the action that [is]

repeatable is the 'precise controversy' between the parties.  *Planned Parenthood of Wisc., Inc. v.*

*Azar*, 942 F.3d 512, 517 (D.C. Cir. 2019) (internal citations omitted).  "In other words, the capable-

of-repetition exception permits adjudication of an otherwise-moot case on the theory that *it* is

capable of repetition; the exception does not permit the adjudication of one otherwise-moot case

in anticipation of a different live one."  *Id.*  "If the exception swept that broadly, it would be

inconsistent with 'the Constitution's requirement, set forth in Article III, that courts resolve only

continuing controversies between the parties.'"  *Id.* (quoting *People for the Ethical Treatment of*

*Animals v. Glittens*, 396 F.3d 416, 422 (D.C. Cir. 2005)).

Here, SBTC has not demonstrated that the legal controversy between the parties satisfies

this exception.  SBTC's claims involve at least two distinct types of petitions submitted to DOT

and FMCSA (three, including the supplemental claim proposed in Plaintiff's Third Motion to

Amend), to which different substantive and timing requirements apply.  *See supra* Section I(B).

SBTC attempts invoke the "capable of repetition, yet evading review" exception on the grounds

that Defendants allegedly fail to timely respond to "every" petition it submits.  But, as the D.C.

Circuit has indicated, the "capable of repetition" exception does not "permit the adjudication of

one otherwise-moot case in anticipation of a different live one."  *Planned Parenthood of Wisc.,*

*Inc.*, 942 F.3d at  517.  Here, SBTC seeks to do just that, by attempting to substitute new claims

involving distinct legal and factual issues for otherwise-moot claims.  Accordingly, SBTC has

failed to demonstrate that its claims fit within this exception to mootness.

For the foregoing reasons the Court shall dismiss the Second Amended Complaint's Count

2 in full and Counts 1, 4, and 5 to the extent they rely on the ELD Exemption Application, the

Domestic Animals HOS Exemption Application, and the Broker Bond Exemption Application.

The Court lacks jurisdiction to consider those claims because they are moot.

### 3.  The Midland HOS Exemptions Application and Claims Related to Defendants' Failure to Respond to Protests No Longer Present a Live Controversy

The Court shall also dismiss the claims for which SBTC concedes in its Third Motion to

Amend there is "no further relief" that can be granted—specifically SBTC's claims pertaining to

the Midland HOS Exemption Application and those related to the summer 2020 protests.[7]

Article III of the Constitution permits federal courts to adjudicate only "actual, ongoing

controversies."  *Honig v. Doe*, 484 U.S. 305, 317 (1988).  "It has long been settled that a federal

court has no authority to . . . to declare principles or rules of law which cannot affect the matter in

issue in the case before it."  *Sierra Club v. Jackson*, 648 F.3d 848, 852 (D.C. Cir. 2011) (internal

citation and quotation marks omitted).  "Article III denies federal courts the power to decide

---

[7] Plaintiff also consents to dismissing the Domestic Animals HOS Exemption Application, Pl.'s (3d) Mot. to Amend at 6, which the Court found to be moot, *supra* Section III(A)(2).

questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quoting *N.C. v. Rice*, 404 U.S. 244, 246 (1971)) (internal quotation marks omitted).

Here, SBTC concedes that there is "no further relief" that the Court can grant with respect to the Midland HOS Exemption Application and its claims regarding Defendants' alleged failures to amend HOS regulations and take other actions in response to protests during the summer of 2020.  *See* Pl.'s (3d) Mot. to Am. at 5–6.  Accordingly, the Court shall dismiss Counts 1, 4, and 5 to the extent they rely on the Midland HOS Exemption Application, and shall also dismiss Count 3 in full (which addresses claims related Defendants' alleged failure to amend regulations in light of the 2020 protests).

### 4. The Court Shall Require Supplemental Briefing on SBTC's First Amendment Claims Due to the Changed Posture of the Case

Having dismissed SBTC's claims related to the four specific exemption applications at issue in the Second Amended Complaint, as well as the claims pertaining to Defendants' alleged failure to respond to challenges arising during the protests, the Court turns to SBTC's claim of alleged First Amendment violations—the only remaining claim in the Second Amended Complaint.

SBTC claims that it is entitled to relief under 42 U.S.C. § 1983 and APA § 702 based on Defendants' "purposeful discrimination."  *See* SAC ¶¶ 99, 101.  Specifically, SBTC alleges that Defendants "treat[ ] the [SBTC], and its 15,000 members differently than [they] treat[ ] other similarly situated trucking association[s][.]" SAC ¶¶ 19, 99, 101.  SBTC argues that this alleged "discrimination" violates the organization's right under the First Amendment to "petition the

Government for a redress of grievances." SAC ¶ 100. SBTC contends that "its members are not given the same opportunity to petition FMCSA on issues and regulations that affect them as members of other similarly situated trucking associations." SAC ¶ 104. It seeks an order "declar[ing] the Defendants' purposeful discrimination of SBTC and its membership a violation of [§ 1983] and the First Amendment," and requests that the Court "enjoin the Defendants from discriminating against SBTC and its members, and order Defendants' to give SBTC and its members the same level of access to petition the FMCSA on issues and regulations that affect them." SAC at 20 ¶ (e), 22 ¶ (*l*).

Defendants' primary argument is that SBTC's claim of alleged First Amendment violations is "inescapably intertwined" with its challenges to Defendants' delay or inaction on its exemption applications—and that those claims fall within the exclusive jurisdiction of the courts of appeals under the Hobbs Act, 28 U.S.C. § 2342. *See* Defs.' (2d) Mot. to Dismiss at 25–26. SBTC has since conceded that it no longer seeks relief for several of its claims, and the Court has concluded that others must be dismissed as moot. *See supra* II(A)(2), (3). Accordingly, there appears to be no remaining agency "rule, regulation[ ], or final order[ ]," 28 U.S.C. § 2342, at issue in this lawsuit—and nothing with which SBTC's constitutional claim can be "intertwined."

In the alternative to their jurisdictional arguments, Defendants contend (albeit, in a footnote) that Count 6 of the Second Amended Complaint fails to state a claim upon which relief may be granted because "[s]ection 1983 does not apply to Federal actors." Defs.' (2d) Mot. to Dismiss at 25 n.9 (quoting *Settles*, 429 F.3d at 1103); *see also Williams v. United States*, 396 F.3d 412, 415–16 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law."); *Mullen v. Bur. of Prisons*, 843 F. Supp. 2d 112, 116 (D.D.C. 2012). Here, SBTC's claims of First Amendment violations plainly apply to *federal* actors acting under federal

law, and so SBTC cannot rely on a cause of action under § 1983.  *See, e.g.*, *Richardson v. Dep't of Interior*, 740 F. Supp. 15, 20 (D.D.C. 1990).  To the extent SBTC attempts to do so, that claim plainly fails and shall be dismissed.

However—despite labeling its First Amendment claim as a "violation of 42 U.S.C. § 1983"—SBTC also appears to rely on APA § 702 as the source of its cause of action for alleged First Amendment violations, *see* SAC ¶ 101, which provides that, in a case "seeking relief other than money damages," a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  The D.C. Circuit appears to have recognized § 702 as an appropriate vehicle to raise claims against the federal government based on alleged constitutional violations.  *See We The People Fdn., Inc. v United States*, 485 F.3d 140, 143 (D.C. Cir. 2007).  It has also, however, held that the First Amendment right to petition government agencies does not "guarantee[ ] a citizen's right to receive a government *response* to *or* official *consideration* of a petition for redress of grievances." *Am. Bus. Ass'n v. Rogoff*, 649 F.3d 734, 739 (D.C. Cir. 2011) (internal citations and quotation marks omitted).  In other words, "[n]othing in the First Amendment . . . suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minn. State Bd. For Comm. Colleges v. Knight*, 465 U.S. 271, 285 (1984) (citing *Smith v. Ark. State Highway Emp., Local 1315,* 441 U.S. 463, 464–65 (1979)).  Defendants did not raise these issues in their motion to dismiss—likely due to the case being in a different procedural posture, as there were still "live" claims pertaining to exemption requests.  Given the developments in this litigation since the parties completed briefing on the motion to dismiss, the Court shall require the parties to respond to these issues raised by the Court, addressing whether Count 6 of the Second

Amended Complaint states a claim for violations of SBTC's First Amendment "right to petition" the government pursuant to the APA.

For the reasons set forth above, the Court shall dismiss Count 6 of the Second Amended Complaint for failure to state claim upon which relief may be granted, to the extent it seeks to state a claim for relief under § 1983. However, the parties shall respond to the points raised by the Court regarding whether Count 6 states a claim upon which relief may be granted under the APA, based on alleged violations of the First Amendment. The parties shall respond in accordance with the schedule and page limitations set forth in the accompanying Order.

### B.  Plaintiff's Third Motion to Amend the Complaint

SBTC's Third Motion to Amend seeks leave to "amend" the Second Amended Complaint by dismissing certain claims and to supplement the Second Amended Complaint by adding a new claim alleging Defendants failed to initiate a "proceeding" in response to a petition for motor vehicle safety standards. *See supra* Section I(C)(1)(e). The Court has previously addressed the claims which SBTC concedes are no longer at issue in this case, *supra* Section II(A). Accordingly, the Court shall analyze SBTC's proposed new claim under the legal standard for supplementing a complaint.

### 1.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(d), on "motion and reasonable notice, a court may, on just terms, permit a party to supplement its pleadings to set out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed .R. Civ. P. 15(d). Motions to supplement under Rule 15(d) are subject to the same standard as motions to amend. *See Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C 2008). The decision whether to grant leave to amend or supplement a complaint is within the discretion of the

district court, but leave should be freely given unless there is a good reason to the contrary. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). "[T]he Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. Dist. of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"[A] district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litigation*, 629 F. 3d 213, 215 (D.C. Cir. 2010). As a result, a court's decision as to whether to grant or deny on futility grounds a motion to amend "is for practical purposes, identical to review of a 12(b)(6) dismissal based on the allegation in the amended complaint." *Id.* at 215–16. And "[w]here ... the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied." *Miss. Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991).

## 2.  Leave to Supplement the Second Amended Complaint is Not Warranted

In its proposed new complaint, SBTC seeks to add a new claim that Defendants have failed to respond to a "petition" requesting the Secretary to begin a proceeding to "prescribe a motor vehicle safety standard" under § 30162(a)(1). SBTC claims that Defendants failed to grant or deny

the petition within 120 days.  *See* Pl.'s (3d) Mot. to Amend at 4; Pl.'s Proposed Am. Compl. ¶¶ 22–26, 31.

SBTC has not provided sufficient justification to once again amend its complaint to introduce this new claim into this lawsuit.  SBTC's proposed new claim bears "no more than a tangential relationship to the original action."  *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 115 (D.D.C. 2012).  It involves a different type of request, implicating a different statute, different timing requirements, and different considerations by Defendants than the claims included in previous iterations of the complaint.  And, Defendants note that authority to consider and respond to section 30162 petitions has been delegated to the Administrator of the National Highway Traffic Safety Administration ("NHTSA"), *not* FMCSA, the defendant here.[8]  Defs.' Opp'n to Pl.'s (3d) Mot. to Amend at 5–6.  A new action would be the better mechanism for SBTC raise its proposed new claim, if it elects to do so.  *See De Sousa*, 840 F. Supp. 2d at 115 (denying leave to amend where it "would do far more than allow plaintiff to fully litigate all the legal dimensions of [its] initial action, it would permit plaintiff to transform [its] case into something entirely new").

Moreover, the Court previously granted SBTC leave to amend its complaint *after* briefing on Defendants' motion to dismiss the original complaint had already been completed.  *See* Minute Order (Sept. 24, 2020).  Doing so again would further delay resolution of this action and prejudice Defendants by requiring them to respond to new claims, when most of the other claims have been dismissed on jurisdictional grounds.  The Court shall not permit SBTC to delay resolution of the case or attempt to revive otherwise-moot claims against Defendants by continuing to add new claims to this case.  SBTC's Third Motion to Amend the Complaint shall be denied.

---

[8] Defendants also contend that "the substance" of the "petition" submitted by SBTC addresses "technical specifications for [ELDs], which are not regulated by a 'motor vehicle standard' as they are not a part of the initial design and manufacture of a motor vehicle."  Defs.' Opp'n to Pl.'s (3d) Mot. to Amend at 5–6.

### III.    CONCLUSION

For the reasons above, the Court **GRANTS-IN-PART** and **HOLDS-IN-ABEYANCE-IN**

**PART** Defendants' [38] Motion to Dismiss the Second Amended Complaint. The Court

**DISMISSES** Counts 1, 2, 3, 4, and 5 of the Second Amended Complaint for lack of subject matter

jurisdiction.  The Court also **DISMISSES** Count 6 of the Second Amended Complaint for failure

to state a claim upon which relief may be granted to the extent SBTC seeks to state a claim under

42 U.S.C. § 1983.   However, the Court **HOLDS-IN-ABEYANCE** Count 6 of the Second

Amended Complaint, to the extent SBTC seeks to state a claim under the APA, and shall require

the parties to respond to this Memorandum Opinion, addressing the issues raised by the Court in

its discussion, *supra* Section II(A)(4).   The Court also **DENIES** Plaintiff's Third Motion to

Amend.

An appropriate Order accompanies this Memorandum Opinion.

<div style="text-align:right">

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

</div>

**Date**: September 27, 2021

31