UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMALL BUSINESS IN TRANSPORTATION COALITION, <br> Plaintiff <br> v. <br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br> Defendants | Civil Action No. 20-883 (CKK) |

**MEMORANDUM OPINION**
(November 30, 2021)

Plaintiff Small Business in Transportation Coalition ("SBTC") brought this action against Defendants U.S. Department of Transportation ("DOT"), Pete Buttigieg in his official capacity as Secretary of Transportation ("Secretary"), the Federal Motor Carrier Safety Administration ("FMCSA"), and Meera Joshi in her official capacity as Acting Administrator of FMCSA ("Administrator"), alleging that Defendants violated the Administrative Procedure Act ("APA") by failing to take timely action on SBCT's requests for exemptions from regulations applicable to its members. SBTC also alleged that Defendants' alleged failure to address its petitions deprived SBTC of its First Amendment right to petition the government.

Defendants moved to dismiss SBTC's Second Amended Complaint. *See* Defs.' Mot. to Dismiss 2d Am. Compl. ("Defs.' (2d) Mot. to Dismiss"), ECF No. 38. On September 27, 2021, the Court granted in part and held in abeyance in part Defendants' Motion to Dismiss.[1] *See* Order, ECF No. 46; Mem. Op., ECF No. 47. The Court dismissed Counts 1, 2, 3, 4, and 5 of the Second Amended Complaint for lack of subject matter jurisdiction. Mem. Op. at 20–25. The Court also

---

[1] In the same Memorandum Opinion and Order, the Court denied SBTC's [42] Petition for Reconsideration of Order Directing No More Amendments to Complaint and Motion for Leave to File an Amended Complaint.

dismissed Count 6 of the Second Amended Complaint to the extent Plaintiff sought to state a claim under 42 U.S.C. § 1983. *Id.* at 26–27. However, the Court held in abeyance Defendants' Motion to Dismiss as to Count 6 of the Second Amended Complaint to the extent Plaintiff sought to state a claim under Section 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, based on alleged First Amendment violations. *Id.* at 27–28. The Court ordered the parties to submit supplemental briefs addressing whether Count 6 stated a plausible claim for relief under § 702. *Id.*

Upon review of the parties' supplemental briefs, the relevant legal authorities, and the record as a whole, the Court shall **GRANT** Defendant's [38] Motion to Dismiss the Second Amended Complaint as to the remainder of Count 6 that was not previously dismissed. As a result, there are no longer any claims pending, and this action shall be **DISMISSED with prejudice.**

### I.  BACKGROUND

The Court recounted the factual and procedural background of this case extensively in its [47] Memorandum Opinion, and so shall limit its discussion here to the background pertinent to the sole remaining issue—whether Count 6 of Plaintiff's Second Amended Complaint states a plausible claim for relief under § 702 of the APA.  *See* Mem. Op. at 3–18.

In Count 6 of its Second Amended Complaint, SBTC alleges that Defendants have violated its "First Amendment rights" because its members "are not given the same opportunity to petition the FMCSA on issues and regulations that affect them as members of other similarly situated trucking institutions." Second Am. Compl. ("SAC") ¶ 104, ECF No. 37.[2] This claim relies on SBTC's allegations that Defendants failed to respond in a timely manner (or at all) to several requests for exemptions from regulations applicable to its members. *See, e.g.*, SAC ¶¶ 47–66, 76–97. SBTC claims that Defendants' failure to address its exemption requests in a timely manner

---

[2] As the Court noted in its earlier Memorandum Opinion, the Second Amended Complaint, filed at ECF No. 37, is the operative complaint in this case. *See* Mem. Op. at 3, n.3.

amounts to "discrimination," and violates the organization's right under the First Amendment to "petition the Government for a redress of grievances" because "its members are not given the same opportunity to petition FMCSA on issues and regulations that affect them as members of other similarly situated trucking associations." *Id.* ¶¶ 100, 104.

Defendants' arguments regarding Count 6 in their Motion to Dismiss the Second Amended Complaint focused, in large part, on whether SBTC's claims fell within the scope of the Hobbs Act, 28 U.S.C. § 2342, which grants exclusive jurisdiction to the courts of appeals over claims arising from certain "final actions" of DOT. *See* Mem. Op. at 18 (citing Defs.' (2d) Mot. to Dismiss at 17–25; Pl.'s Opp'n to Defs.' (2d) Mot. to Dismiss at 7–13, ECF No. 39). Defendants argued that SBTC's claims related to purported First Amendment violations were "intertwined" with is claims pertaining to Defendants' failure to act on pending exemption requests, and therefore that they fell within the exclusive jurisdiction of the courts of appeals under the Hobbs Act. *See* Defs.' (2d) Mot. to Dismiss at 25–26. The Court, however, concluded that other jurisdictional barriers prevented it from considering SBTC's claims related to its exemption requests, and so did not reach any conclusion as to the applicability of the Hobbs Act. *See* Mem. Op. at 20–25. The Court also concluded that SBTC's Count 6 failed to state a claim for relief based on alleged First Amendment violations under 42 U.S.C. § 1983. *See id.* at 25–27.

However, SBTC also appeared to rely on APA § 702 as a cause of action for the First Amendment violations alleged in Count 6 of the Second Amended Complaint. *See* SAC ¶ 101. Because the parties had not briefed whether or not Count 6 states a claim upon which relief may be granted under the APA based on alleged First Amendment violations, and due to the significant change in posture of the case (*i.e.*, the dismissal of all of SBTC's claims related to specific exemption requests on jurisdictional grounds), the Court required the parties to submit

supplemental briefs on this issue. Defendants filed their supplemental brief on October 8, 2021 and SBTC filed its supplemental brief on October 15, 2021. *See* Defs.' Suppl. Br., ECF No. 48; Pl.'s Suppl. Br., ECF No. 49.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The factual allegations within a complaint, if accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 314–15 (D.C. Cir. 2014).

## III.     DISCUSSION

Section 702 of the APA provides that in a case "seeking relief other than money damages," a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. As the Court noted in its previous Memorandum Opinion, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has recognized § 702 as an appropriate vehicle to raise claims against the federal government based on alleged constitutional

violations. *See* Mem. Op. at 27 (citing *We the People Found., Inc. v United States*, 485 F.3d 140, 143 (D.C. Cir. 2007)). Both parties here agree. *See* Defs.' Suppl. Br. at 2; Pl.'s Suppl. Br. at 1–2.

In Count 6 of its Second Amended Complaint, SBTC alleges, "[a]s a result of [Defendants'] discriminatory actions against the SBTC and its members, in violation of the 1st Amendment of the U.S. Constitution . . . SBTC members are not given the same opportunity to petition the FMCSA on issues and regulations that affect them as members of other similarly situated trucking associations." SAC ¶ 104. Defendants argue that Count 6 fails to state a claim for relief based on alleged First Amendment violations because the First Amendment's Petition Clause does not "incorporate a right to receive a Government response to, or official consideration of, a petition for redress of grievances." Defs.' Suppl. Br. at 2. Defendants' position is plainly correct based on binding D.C. Circuit precedent. In *We the People*, the D.C. Circuit held that the First Amendment right to petition government agencies does not "guarantee[ ] a citizen's right to receive a government *response* to *or* official *consideration* of a petition for redress of grievances." *Id.* (citing *Am. Bus. Ass'n v. Rogoff*, 649 F.3d 734, 739 (D.C. Cir. 2011) (internal citations and quotation marks omitted)). Accordingly, the Court agrees with Defendants that Count 6 fails to state a claim based on alleged violations of the First Amendment.

SBTC's attempts to circumvent this binding precedent are unavailing. First, SBTC endeavors to distinguish *We the People* as applying only to petitions submitted to Congress and not to Executive agencies. Pl.'s Suppl. Br. at 5. But the petitions at issue in *We the People* were submitted to *both* the Legislative and Executive branches, and so the D.C. Circuit's holding applies with equal force to both. *We the People*, 485 F.3d at 140 ("[P]laintiffs submitted a petition regarding similar issues to the Executive Branch, including the Department of Justice and the Department of the Treasury.").

Next, SBTC contends that Count 6 also states a claim for a violation of SBTC's "Equal Protection" rights, claiming that it is "treated differently than a similarly situated organization." Pl.'s Suppl. Br. at 3. The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Equal Protection principles apply to the federal government through the Due Process Clause of the Fifth Amendment to the Constitution. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

The Second Amended Complaint fails to allege any facts supporting SBTC's claim that it was treated differently than any similarly situated organization; at most, it contains conclusory legal assertions. *See, e.g.*, SAC ¶ 22 ("It is the SBTC's belief that every other ELD exemption application that has been submitted to the FMCSA for consideration and published in the Federal Register by other trucking associations, was decided upon within 6 months from the date of filing[.]"); *id.* ¶ 23 ("The FMCSA purposely and intentionally discriminated against the SBTC and its members by treating it differently than every other trucking association that filed an ELD Exemption Application."). The Court need not accept as true "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the Complaint. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Only now—in its supplemental brief responsive to the Court's September 27, 2021 Order—does SBTC endeavor to allege facts in support of its theory that Defendants addressed the petitions of the Owner Operator Independent Driver Association ("OOIDA"), another "membership organization with thousands of members . . . represent[ing] independent trucking

companies and drivers," more promptly than it did SBTC's petitions. Pl.'s Suppl. Br. at 3–4. SBTC claims, for example, that both organizations filed applications for exemptions from Electronic Logging Device ("ELD") requirements one day apart in November 2017, and that Defendants "accepted" OOIDA's application but "rejected" SBTC's application. *Id.* at 4. But it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000). SBTC cannot now amend its complaint through briefing with new factual allegations to survive Defendants' motion to dismiss. And even if the Court *did* consider these facts, they are not sufficient to survive a motion to dismiss under Rule 12(b)(6). SBTC, for example, provides no factual support for the assertion that OOIDA is "similarly situated" to SBTC or for the inference that Defendants' alleged disparate treatment of the two groups was irrational. *See XP Vehicles v. Dep't of Energy*, 118 F. Supp. 3d 38, 76 (D.D.C. 2015). Accordingly, the Court shall grant the remainder of Defendant's Motion to Dismiss as to Count 6 of the Second Amended Complaint.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss as to Count 6 of the Second Amended Complaint. Because the Court has now granted Defendants' Motion to Dismiss as to all claims included in SBTC's Second Amended Complaint, the Court shall **DISMISS this case with prejudice**. An appropriate Order accompanies this Memorandum Opinion.

                                                                          /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge

**Date**: November 30, 2021